UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARMAINE LEARY,                        :
                                        :
                Plaintiff,              :
                                        :
        v.                              :
                                        :   CIVIL ACTION NO. _____
DIAMOND RESORTS INTERNATIONAL           :
and                                     :
DIAMOND RESORTS FINANCIAL SERVICES :
                                        :
                Defendants.             :

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

Defendants Diamond Resorts International and Diamond Resorts Financial Services (collectively,

"Diamond"), hereby files this Notice of Removal to the United States District Court for the District

of Massachusetts from the Hampden County Superior Court in Springfield, Massachusetts, and in

support therefore, respectfully states as follows:

**I.      Introduction**

1.      On May 26, 2020, Plaintiff, Charmaine Leary (hereinafter "Plaintiff") filed a civil

complaint in the Hampden County Superior Court of the Commonwealth of Massachusetts, Civil

Action No. 2079CV000269,  entitled *Charmaine Leary v. Diamond Resorts International and*

*Diamond Resorts Financial Services*.

2.      Through the Complaint, Plaintiff seeks to rescind an agreement for timeshare

property she entered into with Diamond.[1] Plaintiff further seeks judgment against Diamond for

---

[1] The defendants to this lawsuit were not parties to such agreement, however. The real party of interest that reached the agreements with Leary was Diamond Resorts U.S. Collection Development, LLC.

economic costs and losses arising out of certain agreements with Diamond and double or treble damages on the same.

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by Diamond are attached as Exhibit A.

**II.    The Parties are Diverse**

4.      Plaintiff alleges she is a resident of Massachusetts. Compl. ¶ 1.

5.      Diamond Resorts International, Inc. has its principal place of business is Nevada and is incorporated in Delaware.

6.      Diamond Resorts Financial Services, Inc. has its principal place of business in Nevada and is incorporated in California.

7.      Therefore, this action is removable to this court pursuant to U.S.C. §§ 1332(a), 1441(b)(2) because the parties are diverse, and diversity of citizenship exists.

**III.   The Amount in Controversy Exceeds $75,000**

8.      As alleged in the Complaint, the agreement Leary seeks to rescind, if fully performed, would result in Plaintiff paying Diamond $87,554 in consideration for Plaintiff's purchase of timeshare property. Compl. ¶¶ 17, 34.

9.      The Complaint also alleges that Plaintiff suffered unspecified economic losses arising from her agreements with Diamond in addition to the $12,860 Plainitff made in down payments. Id. ¶¶ 7, 16.  Plaintiff seeks to double or treble damages for such losses.  Id. at c).

10.     Therefore, based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

**IV.    The Procedural Requirements for Removal are Satisfied**

11.     This Notice of Removal has been filed within 30 days after receipt of Plaintiff's Summons and Complaint.  As such, pursuant to 28 U.S.C. § 1446(b)(1), this removal is timely.

12.     Diamond will properly file a copy of the Notice of Removal with the Superior Court of the Commonwealth of Massachusetts in and for Hampden County, as required by 28 U.S.C. §1446(d).  Diamond will serve Plaintiff with copies of this Notice of Removal.

13.     Pursuant to Local Rule 81.1(A), Diamond shall request of the Clerk of the Hamden Superior Court, Hampden County, Trial Court of the Commonwealth of Massachusetts, certified or attested copies of all records and proceedings in the state court and certified or attested to copies of all docket entries therein, and shall file the same with this Court within 30 days after filing of this Notice of Removal.

14.     Counsel for the Defendants is duly admitted to practice before this Court and signs this Notice of Removal in according with the requirements of Fed.  R. Civ. P. 11.

WHEREFORE, Petitioner prays that said action now pending in the Hampden Superior Court, Hampden County, Trial Court of the Commonwealth of Massachusetts be removed therefrom to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Defendants,
DIAMOND     RESORTS     INTERNATIONAL
AND   DIAMOND   RESORTS   FINANCIAL
SERVICES

By Their Attorney,

*/s/ Jennifer A. Rymarski*
Jennifer A. Rymarski, BBO #659824
jrymarski@morrisonmahoney.com
MORRISON MAHONEY LLP
1500 Main Street, Suite 2400
Post Office Box 15387
Springfield, MA 01115-5387
Phone:    413-737-4373
Fax:      413-739-3125

3

## CERTIFICATE OF SERVICE

I, Jennifer A. Rymarski, hereby certify that a true and accurate copy of the foregoing document was served upon the following parties of record by electronic mail:

Timothy J. Ryan, Esq.
Egan, Flanagan and Cohen, P.C.
67 Market St
P.O. Box 9035
Springfield, MA  01102


Dated: July 13, 2020                    _____/s/ Jennifer A. Rymarski_____
                                        Jennifer A. Rymarski, BBO #659824

738994v.1

# EXHIBIT A

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br><br>2079CV00269 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Leary, Charmaine vs. Diamond Resorts International | Laura S Gentile, Clerk of Courts |
|---|---|

| TO:  Timothy J Ryan, Esq.<br>Egan Flanagan & Cohen PC<br>67 Market St<br>Springfield, MA 01103 | COURT NAME & ADDRESS<br>Hampden County Superior Court<br>Hall of Justice - 50 State Street<br>P.O. Box 559<br>Springfield, MA 01102 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/31/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 09/29/2020 | |
| All motions under MRCP 12, 19, and 20 | 09/29/2020 | 10/29/2020 | 11/30/2020 |
| All motions under MRCP 15 | 07/26/2021 | 08/25/2021 | 08/25/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 05/23/2022 | | |
| All motions under MRCP 56 | 06/21/2022 | 07/21/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 11/18/2022 |
| Case shall be resolved and judgment shall issue by | | | 06/01/2023 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED<br><br>06/01/2020 | ASSISTANT CLERK<br><br>Lois Cignoli | PHONE<br><br>(413)735-6016 |
|---|---|---|

Date/Time Printed: 06-01-2020 13:13:55                                                                                    SCV026\ 08/2018

 CT Corporation

**Service of Process Transmittal**
06/23/2020
CT Log Number 537829852

**TO:**   RUSSELL BURKE
DIAMOND RESORTS INTERNATIONAL
10600 W Charleston Blvd
Las Vegas, NV 89135-1260

**RE:**   **Process Served in Massachusetts**

**FOR:**   DIAMOND RESORTS INTERNATIONAL CLUB, INC.   (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Charmaine Leary, Pltf. vs. DIAMOND RESORTS INTERNATIONAL and DIAMOND RESORTS FINANCIAL SERVICES, DFTS. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 2079CV00269 |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/23/2020 at 10:00 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780109546559 |
| | Image SOP |
| | Email Notification,  Shannon Goebel-Fitzpatrick  Shannon.Goebel@diamondresorts.com |
| | Email Notification,  Trimiriam Arnold  Trimiriam.arnold@diamondresorts.com |
| | Email Notification,  Nicole Wanders  Nicole.wanders@diamondresorts.com |
| | Email Notification,  RUSSELL BURKE  russell.burke@diamondresorts.com |
| | Email Notification,  RUSSELL BURKE  russell.burke@diamondresorts.com |
| | Email Notification,  BRITTANY DE JOHNETTE  brittany.dejohnette@diamondresorts.com |
| **SIGNED:** **ADDRESS:** | National Registered Agents, Inc. 1999 Bryan Street Suite 900 Dallas, TX 75201 |
| **For Questions:** | 866-665-5799 |

Page 1 of  2 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
06/23/2020
CT Log Number 537829852

**TO:**   RUSSELL BURKE
DIAMOND RESORTS INTERNATIONAL
10600 W Charleston Blvd
Las Vegas, NV 89135-1260

**RE:**   **Process Served in Massachusetts**

**FOR:**   DIAMOND RESORTS INTERNATIONAL CLUB, INC.  (Domestic State: FL)

SouthTeam2@wolterskluwer.com

Page 2 of  2 / SK

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.** 2079CV00269

Charmaine Leary _____, PLAINTIFF(S)

V.

**SUMMONS**

Diamond Resorts International
and
Diamond Resorts Financial Services _____, DEFENDANT(S)

To the above named defendant: Officer, Managing or General Agent, or Person in Charge
of Diamond Resorts International

You are hereby summoned and required to serve upon Timothy J. Ryan, Esq.,
plaintiff's attorney, whose address is 67 Market St., PO Box 9035, Springfield, MA 01102-9035
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the ___15th___ day of ___June___
in the year of our Lord two thousand twenty.

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM No. 1



A true copy Attest
Joseph P. Casey
Deputy Sheriff Suffolk County
6-23-20

*(left margin, rotated text:)* TO PLAINTIFF'S ATTORNEY: Please enter this action in the docket and file the original in the Clerk's office. NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___ , I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

Dated: _____, 20___

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(
(                                    , 20         )
(                                             )

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 2079CV00269

| | |
|---|---|
| CHARMAINE LEARY )<br> Plaintiff )<br> )<br>vs. )<br> )<br>DIAMOND RESORTS INTERNATIONAL )<br>and )<br>DIAMOND RESORTS FINANCIAL SERVICES )<br> Defendants ) | **COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

## PARTIES

1.  The Plaintiff Charmaine Leary ("Leary") has a date of birth of May 3, 1940 and resides at

    23 Rachel Street, Springfield, Massachusetts, 01129.

2.  The Defendant Diamond Resorts International is a foreign corporation having an address

    of 10600 W. Charleston Boulevard, Las Vegas, Nevada, 89135, and its agent for service

    of Process in Massachusetts is National Registered Agents, Inc., 155 Federal Street, Suite

    700, Boston, Massachusetts, 02110.

3.  The Defendant Diamond Resorts Financial Services is a foreign corporation and has a

    principal address of 10600 W. Charleston Boulevard, Las Vegas, Nevada, 89135, and it is

    the financing arm for Diamond Resorts International on the properties purchased by Ms.

    Leary. Hereinafter the two Diamond Resort entities will be referred to collectively as

    "Diamond."

1

**FACTS**

4. Leary is a resident of the Commonwealth of Massachusetts, over the age of 60, and as such is an "elderly person" as defined by M.G.L. Chapter 191A, Section 14.

5. Diamond Resorts International is engaged in the timeshare business and has timeshares in many different states and foreign countries that it markets and sells. Additionally, Diamond does business in Massachusetts as it owns and/or manages various vacation properties in the Commonwealth of Massachusetts. Additionally, Diamond advertises and solicits business in Massachusetts by and through various media ads and direct mail and email solicitation campaigns directed at Massachusetts residents.

6. In May, 2019 Ms. Leary was vacationing at Diamond facility in Virginia Beach, Virginia. As part of the vacation, Ms. Leary was required to attend a sales presentation by Diamond at Virginia Beach. These sales presentations generally run several hours long and are part of the scheme utilized by Diamond to lure in buyers.

7. The sales scheme used by Diamond is confusing and misleading. In essence, while Ms. Leary is buying interests in property, she is being sold a represented quantity of Membership points. In May 2019, Ms. Leary, at age 79, purchased an interest in a Virginia Beach timeshare for $27,860. Ms. Leary paid an initial deposit of $7,000 and financed the balance of the purchase price $19,871 through Diamond at an interest rate of 17.962%. Diamond's Truth in Lending Disclosure stated that Ms. Leary would be paying $23,035 in interest payments over the 10 year loan period in connection with that purchase.

2

8. The loan interest rate charges constitute an onerous and harsh penalty, and creates a significant hidden profit for Diamond Resorts, as the finance charge is essentially equivalent to a double purchase price.

9. As the sales generally are recognized as a sale of personal property there is no legitimate basis for this grossly inflated interest rate. Further, Ms. Leary has a very favorable credit score that would have allowed to finance any such obligation at a much lower interest rate.

10. In connection with the purchase of the Virginia Beach timeshare, Ms. Leary had been informed that she would be getting a Silver Membership.

11. On August 28, 2019, Ms. Leary was vacationing in Daytona Beach, Florida, at another Diamond Resorts, and during the mandatory sales presentation asked about her Silver Membership and was told that she did not have such a Membership, as the "points" she had purchased in the Virginia Beach deal were only "temporary" points.

12. Based on this information, Ms. Leary negotiated a new purchase of a Daytona Beach resort designed to give her permanent points for a Silver Membership. As part of the purchase, Ms. Leary paid $12,000 in an initial deposit and the balance of the purchase price, $4,715, was financed by Diamond on a consolidated loan at a 17.4428% annual percentage rate loan.

13. On September 3, 2019, Ms. Leary exercised her right to cancel the Daytona Beach contract.

14. On September 12, 2019, Ms. Leary was in Las Vegas, Nevada, staying at a Diamond Resort and while there she spoke a Diamond representative, Abbas Abbas, about getting out of the Diamond Resorts altogether.

3

15. During this discussion, she indicated that she wanted out of Diamond Resorts. In response, Mr. Abbas told her that he was aware that she had previously cancelled a contract but it wasn't going to happen again as Diamond Resorts has many "good lawyers." Additionally, Mr. Abbas told Ms. Leary that due to a prepayment penalty she could not prepay the existing Virginia Beach contract.

16. Mr. Abbas kept Ms. Leary there for approximately several hours and during this meeting sold Ms. Leary a new Las Vegas timeshare, allegedly as a Gold Member. As part of this deal, Abbas/Diamond sold Ms. Leary a new contract for $29,300, for which she paid 20% down, or $5,860. The balance of the purchase price, $23,440, was combined into a new loan with the balance of the Virginia Beach property for the total loan amount of $44,329.00.

17. The new loan was scheduled to run 120 months at a 15.31% interest rate, creating a total finance charge of $43,225 on the principal sum of $44,329.

18. Ms. Leary objected to this extraordinary loan, and in response to her objections Mr. Abbas told her that she could mortgage her home to obtain the funds to pay off the loan.

## COUNT I
### (Elder Abuse In Violation of Massachusetts Law)

19. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 18 and incorporates them herein by reference.

20. Ms. Leary is an elderly person as defined by Massachusetts Law.

21. Diamond owns and manages timeshare resort properties in the Commonwealth of Massachusetts and as such does business within the Commonwealth of Massachusetts.

22. Elder abuse as defined by Massachusetts law at M.G.L. Chapter 19A, Section 14 includes the financial exploitation of an elderly person by another.

4

23. Financial exploitation as defined by Massachusetts law is

> " an act or omission by another person, which causes a substantial monetary or property loss to an elderly person, or causes a substantial monetary or property gain to the other person" and "such act or omission shall not be construed as financial exploitation if the elderly person has knowingly consented to such act or omission unless such act or omission is a consequence of misrepresentation, undue influence, coercion or threat of force by such other person".

24. Diamond has sold a number of contracts to Ms. Leary based on misleading, confusing and deceitful conduct by it and its representatives, and subjected these contracts to absurd and outrageous interest rates that were not consistent with Ms. Leary's credit score, but just another vehicle to drive profits.

25. In addition, Diamond through its agents repeatedly misrepresented the material terms of various purchases, including membership points, her ability to prepay the obligation, and threatened her with its attorneys and a potential suit.

26. In addition, Diamond in connection with the Las Vegas purchased turned a requested cancellation into a further purchase by incomplete and dishonest information.

27. Ms. Leary has been coerced into buying these contracts through a pattern and practice of coercion, misrepresentation, and undue influence.

WHEREFORE, the Plaintiff demands judgment against Diamond Resorts for its violation of C. 191A, Section 14, and that Ms. Leary be awarded all economic damages reasonably caused by or related to Diamond's violations, plus such interest, costs and attorney's fees as allows by Law.

**COUNT II**
(Fraud)

28. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 27 and incorporates them herein by reference.

29. The Defendant marketed and sold the Plaintiff various timeshare interests based upon false and misleading grounds.

30. In connection with Plaintiff's purchase of the Virginia Beach timeshare, she was told that Diamond would accept her trade of other timeshares she held and that the trade-in, plus the purchase, would give her the points for a Silver Membership.

31. Diamond failed and refused to accept or trade in her other interests, and advised her later that the Silver Membership she purchased was only temporary.

32. In addition, in connection with the Las Vegas purchase, Diamond, through its representative Mr. Abbas, told her that she could not prepay her debt.

33. There are no provisions in the Timeshare Agreement that prohibit the prepayment of a Membership obligation, but the false representation was made by Abbas for the purpose of persuading Ms. Leary to purchase the Las Vegas interest.

34. Based on these misrepresentations Ms. Leary felt compelled to purchase the Las Vegas timeshare and due to these various material misrepresentations, Ms. Leary has suffered financial damages.

WHEREFORE, Ms. Leary seeks to annul and rescind the various transactions and to recover from Diamond all financial payments, charges, expenses and damages incurred, as well as recover her costs, statutory interest, and her reasonable attorney's fees.

6

## COUNT III
### (Violation of C. 93A)

35. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 34 and incorporates them herein by reference.

36. Ms. Leary is a consumer as defined by Massachusetts Law.

37. Diamond is engaged in trade or commerce as defined by Massachusetts Law.

38. Diamond in its sale tactics and representations at various times made incomplete and inconsistent representations to Ms. Leary in an effort to convince her to spend more money. Significantly, it told Ms. Leary in connection with the Virginia Beach purchase that she was purchasing Silver Membership status, only to subsequently tell her that the Silver Membership points she purchased were "temporary" points.

39. Additionally, in connection with the Las Vegas purchase Diamond threatened Ms. Leary telling her that she wasn't going to cancel this purchase as it had good lawyers. Diamond further represented that she could not prepay her Virginia Beach obligation, and in the long, arduous, and hostile negotiation was able to convince Ms. Leary to buy a new obligation telling her that she could take out a mortgage on her primary home to pay off the Diamond obligations.

40. The unfair and deceptive conduct is implicit in the representation to Ms. Leary that she cannot prepay the existing obligation, but if she purchased a new obligation she could access the equity value of her home to pay off this new larger obligation.

41. On or about December 17, 2019 Leary, by and through her counsel sent Diamond a written Settlement Demand pursuant to M.G.L. Chapter 93A and in the letter advised Diamond that it had 30 days to respond, in writing, to the Settlement demand.

42. Diamond did not send any written response to Leary's Settlement demand.

WHEREFORE, the Plaintiff demands the following relief:

a)  judgment against Diamond for Leary's economic costs and losses arising out
    of or relating to the contracts referenced herein;

b)  that the Court find that Diamond's actions were knowingly and intentionally
    unfair and/or deceptive;

c)  that the Court award Plaintiff double or treble, pursuant to C.93A any
    damages awarded; and

d)  that the Plaintiff be awarded her costs, statutory interest, and her reasonable
    attorney's fees.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

                                        THE PLAINTIFF
                                        CHARMAINE LEARY
                                        By Her Attorney,

Dated: May 26, 2020

                                        Timothy J. Ryan, Esq. – BBO 551680
                                        EGAN, FLANAGAN AND COHEN, P.C.
                                        67 Market St. - P.O. Box 9035
                                        Springfield, MA 01102
                                        (413) 737-0260; Fax: (413) 737-0121
                                        tjr@efclaw.com

17630-190816\391311

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 2079CV000269

CHARMAINE LEARY )
     Plaintiff )
)
vs. )
)
DIAMOND RESORTS INTERNATIONAL )
and )
DIAMOND RESORTS FINANCIAL SERVICES )
     Defendants )

HAMPDEN COUNTY
SUPERIOR COURT
FILED

JUL - 3 2020

CLERK OF COURTS

### AFFIDAVIT OF SERVICE PURSUANT TO M.G.L. c. 223A, §6

    I, Timothy J. Ryan, Esq., attorney for the Plaintiff in the above matter, on oath, depose and say:

1.   On June 15, 2020, I made service upon Diamond Resorts Financial Services of the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order in the above-captioned matter by mailing copies of same, postage prepaid:

    a.   Certified Mail #7011 0470 0002 5662 9697, Return Receipt Requested, to Diamond Resorts Financial Services, 10600 W. Charleston Boulevard, Las Vegas, NV 89135.

2.   Service was accepted, as evidenced by the return receipts postmarked:

    a.   June 18, 2020 for Diamond Resorts Financial Services, 10600 W. Charleston Boulevard, Las Vegas, NV 89135.

3.   This service was made in accordance with Massachusetts General Laws c. 223A, §6.

1

4

Timothy J. Ryan, Esq. – BBO 571680
Egan, Flanagan and Cohen, P.C.
67 Market Street, P.O. Box 9035
Springfield, MA 01102-9035
(413) 737-0260; Fax (413) 737-0121
Email: tjr@efclaw.com

## COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.                                                          July 1, 2020

    Before me personally appeared the above-named Timothy J. Ryan and made oath that the statements made by him herein are true.

_____, Notary Public
My Commission Expires:

ABBY L. SATCHER
Notary Public
Commonwealth of Massachusetts
My Commission Expires August 22, 2025

17630-190816\395194

2

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Diamond Resorts Financial Services
10600 W. Charleston Boulevard
Las Vegas, NV  89135



9590 9402 5707 9346 2469 73

2. Article Number (Transfer from service label)

7011 0470 0002 5662 9697

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
JUN 1 8 2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

> **SUPERIOR COURT**
> **DEPARTMENT OF THE TRIAL COURT**
> **CIVIL ACTION NO.**

Charmaine Leary _____ , PLAINTIFF(S)

> **SUMMONS**

v.

Diamond Resorts International
and
Diamond Resorts Financial Services _____ , DEFENDANT(S)

To the above named defendant: Officer, Managing or General Agent, or Person in Charge
of Diamond Resorts Financial Services

You are hereby summoned and required to serve upon Timothy J. Ryan, Esq.
plaintiff's attorney, whose address is 67 Market St., PO Box 9035, Springfield, MA 01102-9035
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the 15th day of June
in the year of our Lord two thousand twenty.

_Laura S. Gentile, Esquire_
**CLERK OF COURTS**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20____ , I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

Dated: _____, 20____

N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

(                                    )
(                        , 20        )
(                                    )

HAMPDEN COUNTY
SUPERIOR COURT
CLERKS OFFICE

2020 JUL -3 A 10: 05

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss**

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

JUL - 1 2020

CLERK OF COURTS

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.** 2079CV00269

Charmaine Leary _____, PLAINTIFF(S)

V.

Diamond Resorts International
and
Diamond Resorts Financial Services _____, DEFENDANT(S)

**SUMMONS**

To the above named defendant: Officer, Managing or General Agent, or Person in Charge
of Diamond Resorts International

You are hereby summoned and required to serve upon Timothy J. Ryan, Esq._____
plaintiff's attorney, whose address is 67 Market St., PO Box 9035, Springfield, MA 01102-9035,
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the
plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Judith Fabricant, Esq., at Springfield the ___15th___ day of ___June___
in the year of our Lord two thousand twenty.

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

3

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20____ , I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

---

**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

June 24, 2020

I hereby certify and return that on 6/23/2020 at 9:10 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Sequiera Lavender , agent, person in charge at the time of service for Diamond Resorts International, at CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($25.10) Total: $61.40

*Joseph P Casey*

Deputy Sheriff   Joseph Casey

_____
*Deputy Sheriff*

CLERKS OFFICE
SUPERIOR COURT
HAMPDEN COUNTY

2020 JUL -1  A 10: 44